# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 08-40638-JDP |
| DANNY R. BROWN, and ) | |
| CINDY ANN BROWN, ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| _____ ) | |

### ORDER DENYING MOTION TO CONTINUE HEARING
_____

On January 6, 2009, the United States Trustee filed a Motion to Disallow Fees of Thomas Francis Hale and Impose Sanctions, Doc. No. 43 (the "Sanction Motion").

On February 3, 2009, the Court held a scheduling conference, at which Mr. Hale appeared, as did the chapter 13 trustee, counsel for the Debtors, and Mr. Newman for the Office of the U. S. Trustee.  After discussion, the Sanction Motion was set for an April 28, 2009 evidentiary hearing at the United States Courthouse in Pocatello, Idaho.  Doc. No. 54 (minute entry); Doc. No. 56 (notice of hearing).

On April 20, 2009, Mr. Hale filed a "Motion to Continue All Proceedings." *See* Doc. No. 67 (the "Motion to Continue").  He requests a continuation of all matters "for at least sixty (60) days" and, inherently, seeks a vacation of the April

ORDER DENYING MOTION TO CONTINUE - 1

28 hearing. As cause, Mr. Hale asserts that the United States is "once again continuing the trial in Utah until May 11, 2009," and that he "will spend the rest of this month [*i.e.*, April] in trial preparation with Utah counsel."

The referred to Utah litigation is the criminal matter of *United States of America v. Hale*, Case No. 2:06-cr-00871-CW, pending before the U.S. District Court for the District of Utah.[1] The "once again continuing trial" comment is a reference to the history of the criminal case, in which trial has been set, and reset, several times over the course of 2007 and 2008.

When the February 3 hearing was held in this Court and the question of scheduling a hearing on the Sanction Motion arose, Mr. Hale argued for an extended period to prepare, noting that his trial in Utah was scheduled for early March. As of that February 3 hearing, the Utah court's docket did reflect a March 9 trial setting. *See id.* at Doc. No. 101 (order of December 12, 2008, continuing January 12, 2009 trial to March 9, 2009, on Mr. Hale's motion).

However, the further continuation and resetting of trial from March 9 to May 11, 2009, is not a recent event as the Motion to Continue implies. It instead was announced at a pretrial conference held on February 23, 2009. *See id.* at Doc. No. 116 (minute entry). Mr. Hale knew of the pending May 11 trial for almost

---

[1] The docket of the Utah federal criminal case and most of its pleadings and filings are available to the public, and to this Court, under the Electronic Case Filing (ECF) and PACER systems.

ORDER DENYING MOTION TO CONTINUE - 2

two months before he raised it in his Motion to Continue as an arguable impediment to the April 28 hearing scheduled by this Court.[2] That delay is unreasonable.

Moreover, on April 20, 2009, another pretrial conference was held in the Utah federal criminal action. The minute entry for this latest conference reflects that the Utah District Court granted a request for yet another continuance (at the government's urging). That court reset the trial for June 29, 2009. *Id.* at Doc. No. 121 (minute entry); Doc. No. 122 (notice of hearing).

The vacation of the May 11 criminal trial and its resetting to June 29 vitiate Mr. Hale's arguments regarding the need for continuance of the April 28 hearing on the Sanction Motion.

Mr. Hale makes a final argument for continuance. He suggests that a possible dismissal of the Debtors' bankruptcy case could "moot" the present matter. This Court did, in fact, enter an oral ruling dismissing the chapter 13 case on April 7. Debtors have moved to reconsider that ruling. But whether the case is ultimately dismissed or not, the Sanction Motion will not be rendered moot. Its subject matter is independent of dismissal, and the Court expressly reserved jurisdiction over the Sanction Motion in its ruling on dismissal. *See* Doc. No. 61

---

[2] Doc. No. 123 in the Utah criminal action is an order entered on April 20 but which, by its terms, relates to the February 23, 2009 pretrial conference and the rulings therein. It recites that not only did two attorneys appear for Mr. Hale at the February 23 conference, but that "[t]he defendant was present." *Id.* at 1.

ORDER DENYING MOTION TO CONTINUE - 3

(minute entry).

Upon the foregoing and the record herein, the Motion for Continuance is not well taken. It shall be, and the same hereby is, DENIED.

DATED: April 21, 2009



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

ORDER DENYING MOTION TO CONTINUE - 4

## CERTIFICATE OF SERVICE

A "notice of entry" of this Order has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Order has also been provided to non-registered participants by first class mail addressed to:

Tom Hale, Esq.
POB 416
Shelley, ID 83274

Tom Hale, Esq.
655 S. 6th St.
Pocatello, ID 83201

Case No. 08-40638-JDP

Dated: April 21, 2009

/s/
Suzanne Hickok
Law Clerk to Chief Judge Myers

ORDER DENYING MOTION TO CONTINUE - 5