UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 08-40638-JDP |
| DANNY R. BROWN and ) | |
| CINDY ANN BROWN, ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| _____ ) | |

**ORDER DENYING (1) MOTION TO DISMISS ALL PROCEEDINGS, AND
(2) MOTION TO CONTINUE HEARING**
_____

On January 6, 2009, the United States Trustee filed a Motion to Disallow Fees of Thomas Francis Hale and Impose Sanctions, Doc. No. 43 (the "Sanction Motion").

On February 3, 2009, the Court held a scheduling conference, at which Mr. Hale appeared. The Sanction Motion was set – with Mr. Hale's input and agreement – for an April 28, 2009 evidentiary hearing at the United States Courthouse in Pocatello, Idaho. Doc. No. 54; Doc. No. 56.

On April 20, 2009, Mr. Hale filed a "Motion to Continue All Proceedings," Doc. No. 67, which was denied by this Court's Order on April 21, Doc. No. 68. That motion had asked for a continuation of all matters "for at least sixty (60) days" alleging as cause a May 11, 2009, trial in the United States' pending

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 1

criminal prosecution of Mr. Hale and his need to spend the balance of April assisting in trial preparation.[1] His only other asserted cause for continuance, the impact of possible dismissal of the Brown's chapter 13 case, was also rejected.

On April 22, the day after the Court's Order, Mr. Hale filed two new motions. His first, a "Motion to Dismiss All Proceedings," Doc. No. 70 ("Dismissal Motion"), asserts that he has repaid the Browns $800.00 representing all fees they paid him, and that this eliminates any § 329(b) issue set for hearing on April 28. While such a payment, if true and verified, might eliminate *one* of the specific forms of relief sought by the U.S. Trustee in the Sanction Motion, it does not fully resolve the Sanction Motion. The alleged payment does not, therefore, support the request to dismiss all the proceedings. The Dismissal Motion will be denied.

Mr. Hale's second April 22 motion is an "Amended Motion to Continue All Proceedings," Doc. No. 71 ("Continuance Motion"). It raises several arguments.

**a.    Conflicting appointment**

Mr. Hale asserts that he has a medical appointment in Utah on the April 28 hearing date. This is insufficient basis for vacation or continuance of the hearing. The April 28 hearing date was set on February 3, 2009, with Mr. Hale's

---

[1] *United States of America v. Hale*, Case No. 2:06-cr-00871-CW, pending before the U.S. District Court for the District of Utah.

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 2

participation and agreement. He has known of this hearing date since. That he has scheduled, or someone else has suggested scheduling, a medical appointment on that date is no excuse. That date was and is unavailable for a medical appointment because Mr. Hale previously committed to appear in this Court. The Continuance Motion on this ground will be denied.

### b.     Utah court "stay"

A group of arguments involve assertion that the April 28 hearing is or should be "stayed" from proceeding. They revolve around Mr. Hale's assertion that his public defenders "have adamantly taken the position that [he] not be placed under oath in any proceedings" and that this is evidenced, *inter alia*, by orders of the Utah bankruptcy court. Several problems exist with these arguments as they apply to the Continuance Motion.

### 1.     The issue of a stay is not timely raised

Mr. Hale has been involved in the criminal action since indictment in December, 2006. One of his current federal defenders, Robert Hunt, appeared in the criminal action in January, 2008.[2] Attorney Hunt, as discussed below, was one of the attorneys involved in seeking a stay of certain proceedings in the Utah bankruptcy court in 2008. However, no appearance by or similar motion from Mr. Hunt was ever presented to this Court. Nor did Mr. Hale raise this issue as an

---

[2] Case No. 2:06-cr-00871-CW at Doc. No. 67.

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 3

impediment to hearing the Sanction Motion when the matter was discussed on February 3 and set for hearing.

### 2. The stay does not extend to this Court or to the present matters

The records of the Utah bankruptcy court reflect that only a limited stay exists, and it relates to the chapter 7 trustee, Elizabeth Loveridge, compelling Mr. Hale's testimony in that bankruptcy case. *See In re Tom Hale*, Case No. 05-39359 (Bankr. D. Utah) at Doc. No. 720 ("Order Granting In Part and Denying In Part Debtor's Motion To Stay the Bankruptcy Proceedings" filed June 2, 2008); Doc. No. 739 ("Motion to Extend Stay Previously Ordered of the Bankruptcy Proceedings"); Doc. No. 740 ("Memorandum in Support of Motion to Extend Stay Previously Ordered of the Bankruptcy Proceedings," filed June 18, 2008, by attorney Hunt for Mr. Hale, a copy of which is attached to the Continuance Motion); Doc. No. 761 ("Memorandum [of Trustee] In Opposition to Motion to Extend Stay Previously Ordered in the Bankruptcy Proceedings" filed July 30, 2008) (detailing at 1-4 the chronology of events related to stay request and order); *see also* Doc. No. 770 ("Emergency Motion to Stay all Proceedings" filed October 16, 2008).[3]

---

[3] As with the criminal case, the records of the bankruptcy case are available to the public and readily accessible under the Electronic Case Filing (ECF) and PACER systems, and its docket and certain of its pleadings have been reviewed by the Court for context and background in considering Mr. Hale's contentions.

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 4

The additional stay imposed by the Utah bankruptcy court's order is not implicated here. That stay relates to the Utah bankruptcy trustee's compulsion of Mr. Hale's testimony in the bankruptcy case that could impact or interfere with his defense of the criminal action – a criminal action that arises out of Mr. Hale's conduct in or in connection with the administration of that Utah bankruptcy case. Having reviewed the Utah bankruptcy court's case docket and many of its almost 800 pleadings, this Court determines the Utah court did not purport to stay testimony in any court other than its own and, even then, such stay is limited. And even if it could be argued that such a stay could have effect on foreign courts, the subject matter of that stay (Mr. Hale's conduct in his own Utah bankruptcy case) has nothing to do with his provision of legal assistance to the Browns or his conduct in relation to the Browns' bankruptcy case in Idaho.

Mr. Hale's characterization of the order of the Utah court in the Continuance Motion is exaggerated and inaccurate. It does not purport to prohibit Mr. Hale's testimony in "any proceedings" including those before this Court. the Continuance Motion on this ground is also not well taken.

### 3.     There is no other stay

The § 362(a) bankruptcy stay in Mr. Hale's case is not implicated. He filed for chapter 13 relief in Utah in October, 2005 and the case was converted to chapter 7 in July, 2006. Mr. Hale's post-filing conduct in representing the Browns

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 5

in this Court relates to the Browns' petition filed in July, 2008, and Mr. Hale's services to and payments he received from those Debtors. This is all well subsequent to Mr. Hale's personal bankruptcy filing or the reach of the § 362(a) stay therein.

### 4. The alleged "stay" of the Idaho State Bar action is irrelevant

In a related contention, Mr. Hale states he is defending an action brought against him by the Idaho State Bar, and such action "has now been stayed." The Continuance Motion also attaches a copy of a letter from Mr. Hunt to Bar Counsel stating it would be Mr. Hunt's "advice and recommendation to Mr. Hale that he does not provide testimony as to any issue that may touch on the criminal proceedings now pending in Utah."

Mr. Hale has not proven that the Idaho State Bar matter is stayed. Moreover, whether Bar Counsel entertained Mr. Hunt's letter and/or acceded to a request for a stay, or whether that tribunal agreed to stay its proceedings, has no impact on this Court's ability to hear the matters related to the Browns that are set for hearing April 28. The assertions about the Idaho State Bar provide no basis to grant the Continuance Motion.

### c. Self-incrimination

Mr. Hale alleges in his Continuance Motion that "My constitutional right against self-incrimination shall not allow me to take the stand and give sworn

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 6

testimony about any of the issues in this [the Browns'] case." *Id.* at 1.  Similarly he states: "[M]y Fifth Amendment rights will not allow me to take the stand and defend my 'unbundled legal services.'" *Id.* at 3.

The Fifth Amendment right does not allow a person to refuse to appear or to be sworn or to testify in a civil proceeding or require a stay of such proceeding.[4] Additionally, an individual cannot invoke the privilege to refuse to testify at all (a "blanket" assertion).  Instead, the Fifth Amendment only allows a person to refuse to answer a specific question if such question is believed to invade his privilege against self-incrimination.[5]  Even Mr. Hunt's letter to Bar Counsel, attached to the Continuance Motion, indicates something other than the blanket assertion Mr. Hale advocates; that letter states Mr. Hunt would advise Mr. Hale "not provide testimony as to any issue *that may touch upon the criminal proceedings*[.]"

The premature and blanket invocation of the Fifth Amendment provides no basis to vacate the April 28 hearing.  If a question is posed during that hearing that implicates Mr. Hale's interests against self-incrimination as a federal criminal

---

[4] *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325-26 (9th Cir. 1995); *Sec. & Exch. Comm'n v. Sandifur*, 2006 WL 1719920 (W.D. Wash. June 19, 2006).

[5] *See Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1019 (9th Cir. 2006) (holding the only way the privilege can be asserted is on a question-by-question basis) (citing *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000)); *United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982) (citing *Hoffman v. United States*, 341 U.S. 479 (1951) and *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977)); *Detrich v. Schriro*, 2007 WL 177831 (D. Ariz. Jan. 23, 2007).

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 7

defendant, and the privilege is invoked, it can be appropriately dealt with at that time.

### d.     The Court's Notice

The Court issued a Notice, Doc. No. 66, on April 17, advising that the Court may consider sanctions under its inherent power and § 105(a). Mr. Hale argues that the Notice changes things to such a degree that vacation of the hearing is required. The Court disagrees.

The inherent powers of the Court were already invoked by the U.S. Trustee in the Sanctions Motion, *see* Doc. No. 43 at 5-6, and Mr. Hale was placed on notice thereof. Decisional law makes clear that the Court may rely on such powers. *See*, *e.g.*, *Hale v. United States Tr.*, 509 F.3d 1139, 1148 (9th Cir. 2007) (citing *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278 (9th Cir. 1996)). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-47 (1991). The U.S. Trustee's Sanction Motion cites several of these authorities, similarly providing notice.

Moreover, Mr. Hale was the litigant in *Hale v. United States Trustee*, 509 F.3d 1139 (9th Cir. 2007). He is fully aware of the ruling of that court, which affirmed this Court's imposition of sanctions, and the authorities upon which those rulings were based.

The Notice advises Mr. Hale that the Court may consider the sanction of

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 8

"permanent disbarment [of Mr. Hale] from practice before this Court." Mr. Hale sees this as a "new issue" and one that will require "discovery" as well as the retention of counsel.

This Court's Decision in *In re Eric & Selina Jones*, Case No. 01-02853-TLM at Doc. No. 90 and Order at Doc. No. 93, sanctioned Mr. Hale monetarily for his conduct in that case. Additionally, the Court imposed sanctions in the form of injunctive relief, "restricting and limiting Hale's legal practice" in the following regards:

(1) Mr. Hale was prohibited from filing, or preparing or causing to be prepared for filing, any bankruptcy petition unless he signed the same;

(2) Mr. Hale was prohibited from filing, or assisting a debtor as counsel in filing, a petition unless he committed to such debtor to meet the ethical and professional obligations of a debtor's attorney and properly represent that debtor in the case including appearance at the § 341(a) meeting and performing the duties described in *In re Castorena*, 270 B.R. 504, 530, 01.4 I.B.C.R. 153 (Bankr. D. Idaho 2001), and reflect such commitment by a written engagement or representation agreement which both the debtor and Mr. Hale must sign.

The injunctive sanctions of the Court in *Jones* were never stayed and, as noted, they were affirmed by the Ninth Circuit. Whether Mr. Hale's conduct in the instant case, or in other post-*Jones* cases, reflects violation of those injunctive

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 9

sanctions is one of the issues implicated by the Sanction Motion. Whether those prior sanctions should be enforced through additional or other sanction is also necessarily implicated. The Notice simply makes clear the possibility of potential sanctions including suspension or disbarment.[6]

If the evidence presented and the record developed at the Sanction Motion hearing warrants consideration of suspension or disbarment, this Court would be obligated to, and would, follow its own rules allowing for a report and recommendation and a hearing process.[7] The Notice serves to inform Mr. Hale that such potential sanctions are possible and the presentation of evidence at hearing on April 28 may relate to or support such a decision.

The Notice does not change the matters at issue; it merely provides clarity that more than money is at issue. It appears such clarity was beneficial, since Mr. Hale's Dismissal Motion purports to reflect a belief that repayment of fees to the Browns would obviate any need for a hearing on the Sanction Motion. Since the Notice does not expand the Sanction Motion, it does not require a continuation or vacation of the hearing.

---

[6] The Notice uses the term "disbarment" which may be confusing. The Idaho Supreme Court and the Idaho State Bar control the question of admission and licensure of lawyers within the State of Idaho. They obviously may conduct proceedings related to that licensure, including disbarment. However, the U.S. District and Bankruptcy Court control the matter of admission to practice before it. *See*, *e.g.*, D. Id. L. Civ. R. 83.4; LBR 9010.1.

[7] *See* D. Id. L. Civ. R. 83.5(b)(1), (4). *See also* LBR 9010.1(h).

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 10

**CONCLUSION**

Upon the foregoing and the record herein, the Dismissal Motion, Doc. No. 70, and the Continuance Motion, Doc. No. 71, are not well taken. They shall be, and the same hereby are, DENIED.

DATED: April 24, 2009

*/s/ Terry L. Myers*

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

     A "notice of entry" of this Order has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Order has also been provided to non-registered participants by first class mail addressed to:

Tom Hale, Esq.
POB 416
Shelley, ID 83274

Tom Hale, Esq.
655 S. 6th St.
Pocatello, ID 83201

Craig Jorgensen
PO Box 4904
Pocatello, ID 83205-4904

Case No. 08-40638-JDP

Dated: April 24, 2009

     /s/
Suzanne Hickok
Law Clerk to Chief Judge Myers

ORDER DENYING MOTIONS TO DISMISS/CONTINUE - 12